IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Darrin Houser, | ) |
|                 Plaintiff, | ) Civil Action No. 6:16-cv-1843-BHH-KFM |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| Ms. Vernetia Dozier, Harold Young, Ms. J. Williams, Kerry Murphy, and Ms. Bradley James, | ) |
|                 Defendants. | ) |

This matter is before the court on the defendants' motions for summary judgment (docs. 27, 30). The plaintiff, a pretrial detainee at the Orangeburg County Detention Center ("OCDC") who is proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. The defendants are OCDC Director Vernetia Dozier, OCDC Officer Cpl. Williams, Orangeburg County Administrator Harold Young, and two employees of the South Carolina Department of Probation, Parole, and Pardon Services ("SCDPPPS"), Kerry Murphy and Bradley James.[1] The plaintiff alleges that he is being improperly detained and that the conditions of his confinement have caused him to suffer injuries for which he has been denied adequate medical care. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

The SCDPPPS defendants filed their motion for summary judgment on October 18, 2016 (doc. 27), and the remaining defendants filed their motion for summary

---

[1]These defendants are properly identified as Carrie Murphy and Brandy James (doc. 25 ¶3).

judgment on October 20, 2016 (doc. 30). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately (docs. 28, 31). The plaintiff filed his response in opposition to both motions for summary judgment on November 21, 2016 (doc. 33).

## **FACTUAL ALLEGATIONS**

In his complaint, the plaintiff alleges that he is detained in the OCDC, but should have been released on April 19, 2016, as this was his "max expiration" date for a prior parole violation (doc. 1, pp. 5-8). He claims that the defendants were made aware of his extended detention and have done nothing to help him (*id*.). He also alleges that while housed in the OCDC, he has been exposed to mold, causing him to suffer pain and stress for which the defendants have denied him adequate medical care (*id*., p. 6).

Records submitted by the defendants in support of summary judgment show that the plaintiff was arrested and booked into the OCDC on September 3, 2015, for murder and burglary, first degree (docs. 27-3, pp. 4-6). The OCDC Booking Report and Commitment Report show that he was denied bail on both charges (*id.*, pp. 1, 7). The SCDPPPS defendants Murphy and James provide their affidavits (doc. 27-4, Murphy aff.; doc. 27-5, James aff.), attesting that they have never had any interaction or involvement with the plaintiff or his detention. The remaining defendants likewise filed affidavits. OCDC Director Dozier and County Administrator Young state that they have had no communication with the plaintiff (doc. 27-2, Dozier aff.; doc. 30-2, Young aff.). Regarding the allegations of mold exposure, both attest they are aware of a 2013 mold inspection and remediation at the OCDC, but this pre-dated the plaintiff's arrest here, and subsequent observation has revealed no mold in the plaintiff's cell (*id*.). Cpl. Williams also denies observing any mold, and while the plaintiff has made "frequent verbal complaints about various subjects," she has "not known him to observe any signs of illness" (doc. 30-3, Williams aff.). Provided with the defendants' affidavits are the plaintiff's medical records from the OCDC (doc. 30-4).

2

In his response in opposition to summary judgment (doc. 33), the plaintiff does not address the defendants' arguments concerning the legality of his detention, but he does challenge their arguments regarding the presence of mold. He claims he has filed grievances regarding his mold exposure and that he has suffered coughing, chest pains, nausea, and headaches. He alleges that he filed grievances and spoke to staff, but his mold exposure and resulting medical problems continue (*id.*). He further states that on October 18th, approximately four months after filing suit here, his cell, which was in the "Gate 8" area, was tested by an "Environmental Agency" and that soon after he was moved to a different area (which he claims also has mold). He also provides a list of purported witnesses whom he claims were in the area when his cell was tested (*id.*, pp. 1-2).

In a supplemental affidavit submitted on March 10, 2017, Director Dozier states that a mold inspection was conducted in October 2016 in the Gate 8 area, and mold was found on a ceiling near the gate, on a ceiling outside the shower, and on the wall of a cell, A116 (doc. 35, Dozier supp. aff.). The plaintiff was not housed in cell A116, and he should have had no contact with the mold that was found. According to the report from the mold inspection, airborne mold levels were not elevated (*id.*). As a result of the inspection, every cell in the unit - not just the one where mold was found - was cleaned and treated with antifungal agents and mold blocker (*id.*).

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and

3

ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

*Unlawful Detention*

The plaintiff claims that he is being unlawfully detained beyond a max-out date for an earlier parole violation. However, the uncontradicted record in the case shows that the plaintiff is being detained on an order of no bond, awaiting trial for murder and burglary charges (docs. 27-2, 27-3). Accordingly, the length of any sentence for any prior parole violation is of no consequence to the plaintiff's detention here, so this claim is without merit.

*Conditions of Confinement & Medical Care*

Because at all relevant times the plaintiff was a pretrial detainee, his claims are evaluated under the Fourteenth Amendment rather than the Eighth Amendment, which is used to evaluate conditions of confinement for those convicted of crimes. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). In any event, "[the] due process rights of a pretrial detainee are at least as great as the [E]ighth [A]mendment protections available to the convicted prisoner." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). To state a claim that conditions of confinement violate constitutional requirements, a plaintiff

4

must show that he was deprived of a basic human need and that prison officials were deliberately indifferent to that deprivation. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). The first prong of the *Strickler* analysis requires an objective showing that the deprivation was sufficiently serious, such that significant physical or emotional injury resulted from it, while the second prong is a subjective test requiring evidence that prison officials acted with a sufficiently culpable state of mind. *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

The standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment—deliberate indifference to serious medical needs. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir.1992). Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The government is required to provide medical care for incarcerated individuals. *Id.* at 102. However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.1990). In order to state a claim, "[a] plaintiff must satisfy two elements . . . : he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir. 1987). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). *See also Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir.1996) (noting that "the subjective component requires proof of more than mere negligence but less than malice").

The plaintiff's unsubstantiated claims of mold exposure and inadequate resulting medical care are insufficient to avoid summary judgment. The plaintiff has provided no evidence of mold that was so severe as to be the source of his purported health problems, and he has provided nothing to show that the defendants were

5

deliberately indifferent to an excessive risk to his health and safety. Director Dozier and County Administrator Young provided sworn affidavits that they were aware of some mold in the OCDC two years prior to the plaintiff's arrest and detention here, but that it was cleaned. In Director Dozier's supplemental affidavit, she states that, four months after the complaint in this case was filed, mold was found on a ceiling near a gate, on a ceiling outside the shower, and on the wall of a cell (not the plaintiff's) in the area where the plaintiff was housed. However, airborne mold levels were not elevated, and the plaintiff should have had no contact with the mold that was found. Moreover, every cell in the unit was cleaned and treated with antifungal agents and mold blocker. As noted above, the plaintiff provides no evidence to support his conclusion that mold caused his purported physical problems. In any event, the medical records show that the plaintiff has had continuous access to medical care at OCDC, with 20 medical encounters for an assortment of aches and pains during the ten months prior to the filing of his complaint here (doc. 30-4). Clearly, the plaintiff has failed to show that these defendants were deliberately indifferent to his medical needs, serious or otherwise. Accordingly, the plaintiff's conditions of confinement and medical care claims do not rise to a constitutional level, and the defendants are entitled to summary judgment.

***Qualified Immunity***

Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, qualified immunity is lost if an official violates a constitutional or statutory right of a plaintiff that was clearly established at the time of the alleged violation such that an objectively reasonable official in the official's position would have known of the right. *Id*.

To determine whether qualified immunity applies, a district court must determine a plaintiff has alleged the deprivation of an actual constitutional right at all and whether the particular right was clearly established at the time of the alleged violation.

*See Tolan v. Cotton*, 134 S.Ct. 1861, 1865-66 (2014) (*per curiam*); and *Wilson v. Layne*, 526 U.S. 603, 609 (1999). "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Here, as discussed above, the plaintiff's allegations fail to demonstrate that the defendants violated his constitutional rights. Therefore, the undersigned finds the defendants are entitled to qualified immunity.

## **CONCLUSION AND RECOMMENDATION**

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the defendants' motions for summary judgment (docs. 27, 30) be granted. The attention of the parties is directed to the notice on the next page.

IT IS SO RECOMMENDED.

April 18, 2017  
Greenville, South Carolina

s/Kevin F. McDonald  
United States Magistrate Judge